## J. T. Spillman v. The State.

No. 1370.    Decided April 13, 1898.

Motion for Rehearing Decided June 8, 1898.

**1.   Motion for New Trial—Statement of Facts Not Filed in Time.**

A motion for new trial based upon matters growing out of evidence adduced on the trial can not be considered where the statement of facts can not be considered because filed more than one month subsequent to the adjournment of the court.

### ON MOTION FOR REHEARING.

**2.   Statement of Facts—Filing After Adjournment.**

A statement of facts will not be permitted to be filed as of term time after adjournment of court. There must be a special order entered upon the minutes granting authority to file the statement of facts after adjournment of court, and there is no authority for filing the same back as of term time with or without such order.

**3.   Same—Diligence to Procure.**

Where counsel for appellant grants unwarranted time to the State's counsel to examine the statement, and the State's counsel is direlict in his duty, the failure is owing alone to want of diligence by appellant's counsel.

Appeal from the County Court of McLennan.    Tried below before Hon. J. N. Gallagher, County Judge.

Appeal from a conviction for wounding a dumb animal; penalty, a fine of $10.

No statement necessary.

*W. W. Walling* and *Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, Judge.—Appellant was convicted of wounding and maiming with a shotgun a certain three year old heifer, on cultivated lands of the defendant, said land being inclosed by an insufficient fence; said heifer being then and there within said inclosed lands. Appellant's motion for a new trial relates entirely to matters growing out of the evidence adduced on the trial. The statement of the facts can not be considered, because filed more than one month subsequent to the adjourn-

ment of court, and no reason is shown for the delay in said filing.  The grounds of the motion can not therefore be considered.  The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

DAVIDSON, JUDGE.—On a former day of this term the judgment in this case was affirmed, without reference to the statement of facts.  Motion for rehearing is filed, and the request is made to consider the statement of facts in connection with said motion.  The affidavits of appellant's counsel in support of the motion form a part of said motion.  The affidavits are filed to show why the statement of facts was not filed during term time, there being no order for ten days asked for or entered upon the minutes.  The judgment is shown by the transcript to have been entered on July 23, 1897.  It further shows that court adjourned on the 16th of August following.  The statement of facts was filed September 23d, just two months after the rendition of the judgment, and more than one month subsequent to the adjournment of the court.  One of appellant's counsel, by way of excuse for want of diligence, states that six or seven days after the judgment was rendered he requested the assistant county attorney to read over a statement of facts prepared by himself.  Said officer requested time, being pressed with other matters, and this was granted.  Appellant made requests every few days to said officer until the end of the term to read and agree or disagree to said statement of facts.  On the day court adjourned he says he applied to the said assistant county attorney two or three times, and asked him to agree or disagree, so that he could have the statement of facts approved.  Said officer again requested time to look over the statement of facts, stating, as he had previously stated, that he desired to look over the statement of facts before the judge approved them; and defendant contends that he should not be permitted to suffer on account of this delay; and it is further stated that the said statement of facts was agreed to be filed back as in term time.  When the assistant county attorney demanded an extension of time by counsel, if granted, the order for ten days should have been entered.  A statement of facts will not be permitted to be filed after the adjournment of court as of term time,  If the court adjourns without a statement of facts being prepared and filed, there must be a special order entered upon the minutes granting authority to file said statement of facts subsequent to the adjournment of court.  We know of no authority authorizing the filing of a statement of facts after adjournment of court, except when the order for ten days has been granted; and there is no authority for filing a statement of facts back as of term time, with or without such order.  The judge has no such authority; neither has the State's counsel, nor the clerk.  The law does not permit it.  There was no diligence exercised in this case to obtain said statement of facts, for by the showing of appellant's counsel it is rendered absolutely certain

that from the 23d of July until the adjournment of court he granted an extension of time to State's counsel in which to review the statement of facts, when he himself was very desirous to have said statement of facts filed; and, if the assistant county attorney was derelict in his duty, it was by the express agreement of defendant's counsel. The motion for rehearing is overruled.

*Motion overruled.*

HURT, Presiding Judge, absent.